THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FRANK SILINSKY and Others, Respondents.

Second Department, June 25, 1926.

Corporations — action by Attorney-General under General Business Law, article 23-A, to restrain defendants from continuing alleged fraudulent practices in sale of corporate securities — burden is on Attorney-General to prove case by fair preponderance of evidence — finding that defendants were not guilty of wrongdoing not disturbed — finding that sales of stock were genuine not supported by evidence.

In an action by the Attorney-General under article 23-A of the General Business Law to restrain the defendants from continuing certain alleged fraudulent practices and transactions in the sale of corporate securities, the burden is on the Attorney-General of proving by a fair preponderance of the evidence that the defendants had engaged in or were about to engage in the fraudulent practices or transactions alleged in the complaint referred to in article 23-A of the General Business Law.

The finding by the trial court that the defendants were not guilty of wrongdoing is not against the weight of the evidence and will not be disturbed; but the finding that the sales of stock in question were genuine is not supported by any evidence and is reversed.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 19th

day of August, 1925, upon the decision of the court rendered after a trial at the Kings Special Term.

The judgment dismisses the complaint upon the merits in an action brought by the Attorney-General under General Business Law, article 23-A, to enjoin defendants from continuing certain alleged fraudulent practices and transactions in the sale of securities.

*Keyes Winter,* Deputy Attorney-General [*Albert Ottinger,* Attorney-General, and *William H. Milholland* with him on the brief], for the appellant.

*George Z. Medalie* [*George Sylvester* with him on the brief], for the respondents.

KELLY, P. J.    In the last analysis the case turns upon a question of fact.    The Attorney-General had the burden of proving by a fair preponderance of the evidence that the defendants had engaged in, or were about to engage in, the fraudulent practices or transactions alleged in the complaint and referred to in the General Business Law, article 23-A, sections 352 and 353 (added by Laws of 1921, chap. 649, as amd. by Laws of 1923, chap. 600).*    Whatever may be our individual views, necessarily based upon the printed record, as to the sufficiency of the evidence offered by the Attorney-General on the trial of this action, brought pursuant to section 353 of the General Business Law, to obtain an injunction restraining the defendants from continuing the alleged fraudulent practices charged against them, the trial justice who saw and heard the witnesses called by the Attorney-General to support his complaint, and who also saw and heard the defendants themselves, who denied participation in the alleged unlawful transactions, has decided the issue of fact in favor of the defendants.    In a case of this description, *quasi criminal* in its nature, we do not feel that we should set aside the verdict of the trier of the facts no matter what our own views may be from reading the printed record.    There may be some basis for the conclusion that the connection of the defendants with the extraordinary activity in the particular stocks covered by their options and limited to the term of such options, was not established by that preponderance of the evidence necessary in a case of this description.    The trial justice saw the defendants and heard their testimony and he has in effect acquitted them of wrongdoing. We do not think we should set aside his judgment.    There is, however, one finding of fact which we cannot approve because we find no evidence to sustain it.    The learned justice having found that the evidence was not sufficient to establish the connection

---

* Since amd. by Laws of 1925, chap. 239.— [REP.

of the defendants with the sales of stock referred to by the Attorney-General as a basis for his complaint, finds as matter of fact that the transactions or purchases and sales in the stock of the various corporations in question — and he must necessarily refer to all of the purchases and sales of these stocks during the period covered by the complaint — " were genuine transactions involving in each case a change of ownership of the stock." While the evidence may have been insufficient to show that the sales were fraudulent, it is also insufficient to justify a finding that the sales were lawful and genuine. This fifteenth finding of fact we think should be reversed as contrary to the evidence. The reversal of the finding does not change the result, however; the judgment went for defendants because the learned justice found that their connection with these sales was not established by a fair preponderance of the evidence.

The judgment should be modified by reversing the fifteenth finding of fact of the learned justice at Special Term as contrary to the evidence, and as so modified the judgment should be affirmed, without costs.

Manning, Young, Kapper and Lazansky, JJ., concur.

Judgment modified by reversing the fifteenth finding of fact as contrary to the evidence, and as so modified the judgment is unanimously affirmed, without costs.