**UNITED STATES v. GREATER NEW YORK LIVE POULTRY CHAMBER OF COMMERCE et al.**

District Court, S. D. New York. July 15, 1929.

See also (D. C.) 30 F.(2d) 939.

1006

Israel B. Oseas and Walter L. Rice, Sp. Assts. to Atty. Gen., for the United States.

John W. H. Crim, of New York City, for defendants.

KNOX, District Judge. There has been much discussion in a number of cases under the immunity provision of the Sherman Anti-Trust Act (15 USCA §§ 1–7, 15) as to whether a witness is entitled to immunity without having given evidence which criminates him, and as to whether a witness may have such immunity without having claimed his privilege against self-incrimination under the Fifth Amendment, or in the absence of the existence of facts and circumstances which may fairly be construed to have been the equivalent of such claim. Upon the words of the statute the argument is with the contention now advanced by the defendants, whose pleas are before me. United States v. Pardue (D. C.) 294 F. 543; United States v. Goldman (D. C.) 28 F.(2d) 424. These words, however, by repeated judicial construction within this district, have been so limited as to require me to sustain the government's demurrers. United States v. Skinner (D. C.) 218 F. 870; United States v. Elton (D. C.) 222 F. 428; United States v. Lay Fish Co. (D. C.) 13 F.(2d) 136. Also see Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, and Johnson v. United States (C. C. A.) 5 F.(2d) 471.

Anything that I might say as to the interpretation properly to be placed upon the immunity provision of the Anti-Trust law would add nothing to the arguments, pro and con, that now appear in reported decisions. I shall content myself merely by saying that, so far as this district is concerned, the law is in favor of the government, and the demurrers to the pleas in bar of the three defendants who filed the same are separately sustained.