See, also, 34 F.(2d) 967.

## UNITED STATES v. GREATER NEW YORK LIVE POULTRY CHAMBER OF COMMERCE et al.

District Court, S. D. New York.
Aug. 9, 1930.

Walter L. Rice, of Washington, D. C., for the United States.

Samuel H. Kaufman, of New York City, for defendants.

The government moved to strike out as sham all allegations and denials of defendants' answer relative to participation in the criminal conspiracy prior to the filing of the indictment, on the ground of res adjudicata. After argument and filing of briefs, Judge BONDY denied the motion in part, filing the following opinion.

BONDY, District Judge.

There is no principle of law or justice known to the court whereby parties who have not been found guilty of a crime proved against others can be deprived of the right to deny allegations in a complaint simply because the same facts were alleged in the indictment against the others who were found guilty. The motion to strike out the denials by the defendants who were not named in the indictment, or who were acquitted, or as to whom the indictment was dismissed, must be denied.

As to the defendants in this suit who were found guilty of the crime charged, the conviction is conclusive of the fact that they were engaged in a conspiracy to restrain trade and did every act which was essential to establish the same.

These defendants accordingly cannot deny and it is sham for them to deny the allegations in paragraph 16 of the amended petition that they entered into and engaged in a conspiracy in restraint of trade and commerce among the several states of the United States.

The petition alleges innumerable acts on the part of the defendants. Though some of the denials may be false, the falsity of any particular denial does not follow from the fact that there has been a conviction on the charge of conspiracy.

The motion to strike out the other denials on the ground of the conviction therefore must be denied without prejudice to a motion to strike out as sham any denial of any specific fact shown to have been essential to conviction or which petitioners otherwise can prove to be sham.