## UNITED STATES v. GREATER NEW YORK LIVE POULTRY CHAMBER OF COMMERCE et al.

District Court, S. D. New York.

May 5, 1931.

John Lord O'Brian, Asst. to Atty. Gen. (Walter L. Rice, Sp. Asst. Atty. Gen., of counsel), for the motion.

Samuel H. Kaufman, of New York City, opposed.

WOOLSEY, District Judge.

This motion is granted.

I. As none of the parties saw fit to enter any formal order embodying the views expressed by Judge Bondy in his opinion, handed down herein on August 9, 1930, 44 F.(2d) 393, 394, admirably discussed in a Recent Case Note in volume XLIV of the Harvard Law Review, at page 997, his labors have not matured into a judicial act, and therefore I feel free to deal with the motion now brought before me, which in effect is made in pursuance of Judge Bondy's suggestion.

II. This motion to strike out is directed against the denials of conspiracy in separate answers of certain of the defendants who were found guilty of the same conspiracy before Judge Knox and a jury in the case of United States of America v. Greater New York Live Poultry Chamber of Commerce et al. (D. C.) 33 F.(2d) 1005, affirmed 47 F. (2d) 156 (C. C. A. 2).

Such purging of the pleadings as is hereby sought is, in my opinion, admirable practice, and wholly within the power of an equity court, though not mentioned in Rule 21 of the Equity Rules of the Supreme Court (28 USCA § 723). For it would be a sorry doctrine for an equity judge to hold that common sense could be repealed by implication.

An instance of the approved use of this practice in actions at law is found in Peacock v. United States, 125 F. 583, 586 (C. C. A. 9), and the effect of not making such a motion in a case where it is appropriate is dealt with in American Surety Co. v. Sandberg (D. C.) 225 F. 150, 151.

This technical objection to the motion before me is the only point argued; none other is arguable. Consequently the moving party must prevail.

Settle order on three days' notice.