THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BERTRAM WACHTELL, Defendant.

Supreme Court, Special Term, New York County, October 27, 1943.

*Nathaniel L. Goldstein, Attorney-General (John W. M. Rutenberg* of counsel), for plaintiff.

*Jac M. Wolff* for defendant.

COLLINS, J. The Attorney-General moves for an injunction *pendente lite* under the Martin Act. (General Business Law, § 352 *et seq.*)

In 1942 the defendant Wachtell, together with Joseph Cohen, against whom an injunction is likewise sought, was found guilty in the Federal court of conspiracy in connection with mail frauds involving the sale of securities. A third defendant, Jerry Pomeroy, also sought to be enjoined, pleaded guilty to like charges. Wachtell and Cohen have appealed from the judgments of conviction. Pomeroy has served his sentence.

Defendant counters with an attack on the legal sufficiency of the complaint.

Defendant's thesis that the Martin Act (*supra*) is a quasi-criminal statute and must therefore be strictly construed has been emphatically contradicted by the Court of Appeals, which held " the primary purpose of the law " to be " remedial in its character." (*People* v. *Federated Radio Corporation,* 244 N. Y. 33, 37.) " The statute * * * was passed to protect the inexperienced, confiding and credulous investor, and save him from his own foolish cupidity. It should, therefore, be liberally and sympathetically construed in order that its beneficent purpose may, so far as possible, be attained." (*People* v. *Smith Co.,* 230 App. Div. 268, 269.) *People* v. *Silinsky* (217 App. Div. 247), cited as authority for the quasi-criminal character of the Act, does not sustain the defendant's position. Furthermore, the *Silinsky* decision preceded in time that of the Court of Appeals in *People* v. *Federated Radio Corporation (supra).*

The statute specifically outlaws a " course of business relating to the purchase or sale of securities or commodities which is fraudulent or in violation of law and which has operated * * * as a fraud upon the purchaser, * * * ." More than that, the " course of business " need not be presently or currently pursued. If the offender " shall have engaged in " such a course, the past conduct is subject to the sweeping condemnation of the law. If the course of conduct was " in violation of law ", it may be halted (*People* v. *Ackerman,* 249 N. Y. 530; General Business Law, §§ 352, 353). " * * * any violation of a positive penal statute relating to the sale of securities, would, it seems obvious, constitute a fraudulent practice subject to injunction under the Martin Act " (Meyer on Stock Brokers and Stock Exchanges, p. 709).

That the defendant violated a positive penal statute is established, *prima facie* at least, by his conviction. (*Schindler* v. *Royal Insurance Co.*, 258 N. Y. 310.) He was charged with fraudulent conduct respecting securities.

As to what constitutes fraud under the Martin Act, it was said in the *Federated Radio Corporation* case (*supra*, p. 38): " In a broad sense the term includes all deceitful practices contrary to the plain rules of common honesty."

The defendant's contention that the complaint fails to set forth a violation of law is unsound (*Local 167* v. *United States*, 291 U. S. 293). The defendant was convicted for violating the law, for doing that which the Martin Act condemns. " The complaint in this suit includes the allegations on which that prosecution was based. The defendants in this suit who had been there convicted could not require proof of what had been duly adjudged between the parties " (*Local 167* v. *United States, supra*, p. 298). And in the same case Judge BONDY said: " As to the defendants in this suit who were found guilty of the crime charged, the conviction is conclusive of the fact that they were engaged in a conspiracy to restrain trade and did every act which was essential to establish the same " (*United States* v. *Greater New York Live Poultry Cham. of Com.*, 44 F. 2d 393, 394).

Obviously, therefore, the complaint states a valid cause of action.

Plaintiff's motion for a temporary injunction is granted. Settle order.