THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BERTRAM WACHTELL, Defendant.

Supreme Court, Special Term, New York County, December 7, 1943.

*Nathaniel L. Goldstein, Attorney-General (John W. M. Ruten-berg* of counsel), for plaintiff.

*Jac M. Wolff* for defendant.

EDER, J. Motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.

This is an action brought under the provisions of article 23-A of the General Business Law (Martin Act) to perpetually enjoin the defendant from engaging in the securities business in this State. An injunction *pendente lite* was granted. (181 Misc. 1010.)

The defendant was convicted in the United States District Court, Southern District of New York, of a scheme to defraud divers persons named in the indictment, and others unknown, in the sale of securities; he was convicted after trial and was sentenced to imprisonment and payment of fine; defendant has appealed from the judgment of conviction and the appeal is pending undetermined.

The theory of the plaintiff in instituting this suit is that the conviction for a crime involving the sale of securities in this State constitutes a fraudulent practice coming within the pur-

view of section 352 of the General Business Law. The complaint alleges the defendant's said conviction and annexes and incorporates a copy of the indictment upon which the defendant was convicted and sentenced.

The answer, after setting out *pro forma* denials, pleads two separate defenses as a bar to plaintiff's right to maintain this action, i. e., laches, and that the aforesaid judgment of conviction and sentence are not a final determination by virtue of the appeal taken therefrom.

The theory of the plaintiff behind the institution of this action is a correct one and consonant with logic and sound legal reasoning. The defense of laches is without merit for two reasons, first, because for such a defense to be available facts must be set forth indicating that the delay in bringing suit operated to the prejudice of or some injury to the defendant; nothing in that connection is set out; the plea consists of a conclusory allegation that plaintiff is guilty of laches. This defense raises no triable issue. Again, this being a suit in equity for injunctive relief, except for special circumstances appearing, plaintiff's right to institute suit would seem to be available at any time within ten years. (Civ. Prac. Act, § 53.)

The second defense pleads that the mentioned judgment of conviction cannot be considered as being final in its character because an appeal taken from said judgment of conviction is pending undetermined so that it cannot be said that the judgment of conviction has finally and conclusively established the fraudulent practices set out in the indictment in the sale of securities. There is no merit to this claim; the sentence in a criminal case is the final judgment (*Berman* v. *United States,* 302 U. S. 211, 212); the pendency of an appeal therefrom does not change its status; it still remains the final determination of the controversy; the pendency of an appeal may operate to suspend or stay its execution or enforcement but does not affect its finality of determination. Moreover, the rule is that there is no presumption of reversal; rather the presumption is that the determination of the lower court is correct. No triable issue is presented by this defense.

The motion for judgment on the pleadings is granted. Settle **order.**