UNITED STATES

v.

NATIONAL CITY LINES, Inc. et al.

No. 49 C 1364.

United States District Court,
N. D. Illinois.

Dec. 17, 1953.

Earl A. Jinkinson, Chicago, Ill., William C. Dixon, Los Angeles, Cal., Ralph M. McCareins, Chicago, Ill., Edwin U. Driscoll, Los Angeles, Cal., for the United States.

H. Templeton Brown, Mayer, Meyer, Austrian & Platt, Chicago, Ill., for Standard Oil Co., of California and Federal Engineering Corp.

Weymouth Kirkland, A. Leslie Hodson, Chicago, Ill., Joseph Thomas, Akron, Ohio, for Firestone Tire & Rubber Co.

Edward R. Johnston, Johnston, Thompson, Raymond & Mayer, Chicago, Ill., for Phillips Petroleum Co.

Ferris E. Hurd, Henry M. Hogan, New York City, for General Motors Corp.

John T. Chadwell, Snyder, Chadwell & Fagerburg, C. Frank Reavis, Chicago, Ill., Hodges, Reavis, McGrath, Pantaleoni & Downey, New York City, for National City Lines, Inc. and Pacific City Lines, Inc.

John H. Hershberger, Knapp, Cushing, Hershberger & Stevenson, Chicago, Ill., for Mack Mfg. Corp.

HOFFMAN, District Judge.

The plaintiff, United States of America, has brought suit against National City Lines, Inc., Pacific City Lines, Inc., Firestone Tire & Rubber Company, General Motors Corporation, Phillips Petroleum Company, Mack Manufacturing Corporation, Standard Oil Company of California, and Federal Engineering Corporation, a Standard subsidiary, to enjoin the violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and

2. The complaint charges, in Paragraph 20, that the defendants "have engaged in an unlawful combination and conspiracy to acquire ownership, control or a substantial financial interest in a substantial part of the local transportation companies in the various cities, towns and counties in the various states of the United States and to restrain and to monopolize the aforesaid interstate commerce in motor buses, petroleum products, tires and tubes sold to local transportation companies in cities, counties and towns in which National, American, a former subsidiary of National, and Pacific have, or have acquired, or in the future acquire, ownership, control or a substantial financial interest in said local transportation companies, all in violation of Sections 1 and 2 of the Sherman Antitrust Act."

The plaintiff, in its supplemental complaint, also sets up a prior adjudication of these issues in a criminal prosecution of the same defendants for violation of the Sherman Act, and upon the basis of these allegations now moves for summary judgment in its favor. The indictment in the criminal case contained two counts. The first charged that the defendants "have knowingly and continuously engaged in a wrongful and unlawful combination and conspiracy to acquire or otherwise secure control of or acquire a substantial financial interest in a substantial part of the companies which provide local transportation service in the various cities, towns and counties of the several states of the United States, and to eliminate and exclude all competition in the sale of motor buses, petroleum products, tires and tubes to the local transportation companies owned or controlled by or in which National, American or Pacific had a substantial financial interest, and to local transportation companies in which said companies acquired or, in the future, acquire ownership, control or a substantial financial interest, all in violation of Section 1 of the * * * Sherman Act."

The second count of the indictment alleged that the defendants "have knowingly, wrongfully and unlawfully combined and conspired to monopolize part of the interstate trade and commerce of the United States, to wit, that part consisting of the sale of motor buses, petroleum products, tires and tubes used by local transportation systems in those cities, towns and counties in which defendants National, American and Pacific owned, controlled or had a substantial financial interest in, or acquired, or in the future acquire, ownership, control or a substantial financial interest in said local transportation systems, in violation of Section 2 of the * * * Sherman Act."

The criminal prosecution under this indictment resulted in a verdict of acquittal upon the first count, and a verdict of guilty upon the second. The conviction was affirmed upon appeal. United States v. National City Lines, Inc., 7 Cir. 1951, 186 F.2d 562, certiorari denied, 1951, 341 U.S. 916, 71 S.Ct. 735, 95 L.Ed. 1351.

A comparison of the two counts of the indictment with the allegations of the civil complaint filed in this suit reveals that the same offenses are charged in both actions. The first count of the criminal indictment may be summarized, for present purposes, as charging the defendants "with restraint of trade in obtaining control of transportation systems plus a conspiracy to restrain competition in sales to those companies." United States v. National City Lines, Inc., supra, 186 F.2d at page 568.

The second count charges only a conspiracy to monopolize the sales of supplies used by local transportation companies, without the element of a conspiracy to obtain control of them. The civil complaint in this case incorporates both conspiracies. The conspiracies alleged in the indictment, in both counts, and in this complaint are all charged as having begun "on or about January 1, 1937."

The plaintiff, in seeking summary judgment, does not of course urge that the criminal adjudication constitutes a bar to further litigation in so far as it resulted in acquittal. The issues raised by the allegation and denials of a con-

spiracy to restrain trade by obtaining control of local transportation companies in various cities and to eliminate competition in the sale of supplies to companies of which control was so obtained must therefore remain open upon the trial.

The plaintiff does contend, however, that the defendants are estopped by their conviction under the second count of the indictment to re-litigate the matters necessarily decided in that conviction. It is clear that they are. Local 167, International Brotherhood of Teamsters v. United States, 1934, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804; Northwestern Oil Co. v. Socony-Vacuum Oil Co., 7 Cir., 1943, 138 F.2d 967. But the criminal judgment alone does not establish that the plaintiff is entitled to the injunction sought in this proceeding. The purpose of an injunction is to prevent future violations. A determination of some cognizable danger of recurrence is a prerequisite to the relief sought. United States v. W. T. Grant Co., 1953, 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303; United States v. Oregon State Medical Society, 1952, 343 U.S. 326, 72 S.Ct. 690, 96 L.Ed. 978. The answers filed by the defendants, their responses to interrogatories, and affidavits filed in support of their opposition to this motion deny the continuance of the conspiracy, and tend to show that the offending contracts have expired or been cancelled. It thus appears that a genuine issue of fact exists upon the question of the threat of future violations, and that question must stand for trial, as the plaintiff concedes.

The defendants apparently agree that re-litigation of some of the matters involved in the criminal case is foreclosed, but they insist that determination of what those matters are should be made in the course of the trial.

It is apparent that the area of disagreement between the parties upon this motion is narrow. In substance, the problem is whether an order limiting the issues should be entered now, or should await the trial. Under the practice prevailing before the adoption of the Federal Rules of Civil Procedure, 28 U.S. C.A., such matters were properly settled before trial by means of motions addressed to the pleadings. Thus in a suit by the United States to enjoin violation of the Sherman Act, the defendants' denial of matters previously decided by a criminal conviction could be stricken as sham. See United States v. Greater New York Live Poultry Chamber of Commerce, D.C.S.D.N.Y.1930, 44 F.2d 393, Id., D.C.S.D.N.Y.1931, 53 F.2d 518, both affirmed sub nom. Local 167, International Brotherhood of Teamsters v. United States, 1934, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804. Under the Federal Rules, the elimination of precluded issues can be accomplished through an order limiting the issues for trial under the authority of Rule 56(d), which provides:

> "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

An order or "partial summary judgment" entered under this rule closely resembles an order resulting from the pre-trial procedures for the formulation of issues provided by Rule 16 of the Federal Rules. See Biggins v. Oltmer Iron Works, 7 Cir., 1946, 154 F.2d 214. There

468

seems to be no reason why the determination of the issues foreclosed by the criminal conviction should be postponed until the trial, compelling the parties to undertake expensive and time-consuming preparation for the trial of issues which might be found at the trial to have been settled in the criminal case. An order under Rule 56(d) will therefore be entered. The question of the proper scope of the order remains. Only those ultimate facts necessary to the conviction are subject to the estoppel of the former adjudication. Upon the appeal in the criminal case, the defendants asserted that the evidence was insufficient to sustain the verdict of guilty under the second count. In affirming the conviction the Court of Appeals painstakingly reviewed the evidence. The findings which were held to be necessary to support the verdict upon appeal are: (1) that, within the period charged in the indictment, the defendants entered into contracts among themselves for the exclusive sale and purchase of the supplies required by the transportation companies involved; (2) that these contracts were intentionally executed by the defendants acting in concert; (3) that these acts were performed with the intent required by the Sherman Act; and (4) constituted a conspiracy to restrain trade in violation of that Act. United States v. National City Lines, Inc., 7 Cir., 1951, 186 F.2d 562, at pages 570–572. These matters shall be deemed established. No proof of these facts shall be required of the plaintiff at the trial, and no evidence denying them shall be admitted, except that any evidence bearing upon the proper scope of any decree which might be entered may be received.

While the plaintiff, in its reply brief at page 14, has suggested that there be a hearing to settle the form of the order to be entered under Rule 56(d), the Court feels that such course is unnecessary in view of the opinion of the Court of Appeals. Counsel are directed, therefore, to prepare an order in conformity with the views herein expressed.