THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE FEDERATED RADIO CORPORATION et al., Defendants, and GEORGE A. CARDEN et al., Individually and as Copartners under the Firm Name of CARDEN, GREEN & Co., Appellants.

Stockbrokers — fraud — pleading — provision of General Business Law authorizing Attorney-General to bring action to enjoin fraudulent practices in respect to stocks and other securities — statute remedial in character — words " fraud " and " fraudulent practice " should be given wide meaning — sufficiency of complaint in action brought by Attorney-General under the statute — allegations that defendants are putting forth untrue and misleading advertisements with intent to sell securities and that sales of stock operate as fraud, sufficient — allegations of actual or legal fraud unnecessary — lack of scienter does not relieve defendants from liability — nor can they as matter of law be exempted from duty of investigation merely by printed statement that information is deemed by them reliable but not guaranteed.

1. Article 23-A of the General Business Law (L. 1921, ch. 649, as amd.), providing for investigation by the Attorney-General of fraudulent practices in respect to sales of bonds, stocks, securities and commodities and authorizing him to bring suit for an injunction and appointment of a receiver, is remedial in its character and its purpose is to prevent all kinds of fraud in connection with such sales and to defeat all unsubstantial and visionary schemes in relation thereto whereby the public is fraudulently exploited. The words " fraud " and " fraudulent practice " in this connection should, therefore, be given a wide meaning so as to include all acts, although not originating in any actual evil design or contrivance to perpetrate fraud or injury upon others, which do by their tendency to deceive or mislead the purchasing public come within the purpose of the law.

2. The Penal Law (§ 421) condemns as a fraudulent practice the flotation of worthless securities by untrue, deceptive or misleading advertising. A complaint, therefore, in an action brought by the Attorney-General for an injunction, which alleges that defendants are putting forth untrue and misleading advertisements with intent to sell securities, alleges a fraudulent practice and, where it charges

3

specifically that the sale of the stock operates as a fraud on the public within the meaning and intent and in violation of the statute, states a cause of action within the meaning of the provisions thereof. Allegations of actual or intentional or legal fraud are unnecessary.

3. Promoters are under a duty to make reasonable investigation before issuing a prospectus and to the extent that they fail ·in the performance of their duty, lack of *scienter* will not relieve them from liability in actions brought under the act. Nor can they exempt themselves, as matter of law, from that duty by inserting in printed matter, complained of as deceptive and misleading, the words " information contained herein has been obtained from sources which we deem reliable but do not guarantee."

*People* v. *Federated Radio Corporation,* 216 App. Div. 250, affirmed.

(Argued October 6, 1926; decided December 4, 1926.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 19, 1926, which affirmed an order of Special Term denying a motion by defendant for judgment on the pleadings.

*Albert Stickney, George Gordon Battle* and *Henry E. Kelley* for appellants. The Martin Act, being of a penal nature, must be strictly construed. It does not define the " fraud " or the " fraudulent practices " which it purports to restrain. No enlargement of the meaning of the act by implication being permissible, it must be held to be applicable only to cases involving so-called legal fraud according to the hitherto accepted definition. (*Gutterson* v. *Pearson,* 152 Minn. 482; *Kirk* v. *Farmers' Grain Agency,* 103 Oreg. 43; *Somers* v. *Commercial Finance Corporation,* 245 Mass. 286; *United States* v. *Lacher,* 134 U. S. 624; *Huntington* v. *Attrill,* 146 U. S. 657; *Atchison, Topeka & Santa Fe Railway Co.* v. *Nichols,* 264 U. S. 348; *Reno* v. *Bull,* 226 N. Y. 546; *Kushes* v. *Ginsberg,* 99 App. Div. 417; 188 N. Y. 630; *Kranz* v. *Lewis,* 115 App. Div. 106; 188 N. Y. 579; *Ochs* v. *Woods,* 221 N. Y. 335; *Fidelity & C. Assn.* v. *Emerson,* 318 Ill. 518.) The Martin Act violates the State Constitution, in that it deprives defendants of their property

without due process of law.   This is so because it vests in the Attorney-General discretionary powers which are in their nature judicial and authorizes the punishment of citizens who refuse to obey his mandates.   (*Ward Baking Co.* v. *Western Union Telegraph Co.*, 205 App. Div. 723; *Matter of Union Bank*, 204 N. Y. 313; *People ex rel. MacDonald* v. *Leubischer*, 34 App. Div. 577; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Noble* v. *Douglas*, 174 Fed. Rep. 672.)   The contention necessarily advanced by the Attorney-General that the Martin Act applies to a case of constructive fraud, renders it unconstitutional as in violation of the Fourteenth Amendment of the Federal Constitution.   (*Standard C. & M. Corporation* v. *Waugh Chemical Corporation*, 231 N. Y. 51; *United States* v. *Cohen*, 255 U. S. 81; *Weeds* v. *United States*, 255 U. S. 109; *Small Co.* v. *American Sugar Refining Co.*, 267 U. S. 233; *International Harvester Co.* v. *Kentucky*, 234 U. S. 216; *U. S.* v. *Brewer*, 139 U. S. 278; *People* v. *Briggs*, 193 N. Y. 457.)

*Albert Ottinger, Attorney-General* (*William H. Milholland* and *Keyes Winter* of counsel), for respondent.   The Martin Act plainly defines the practices that may be enjoined in a suit in equity by the Attorney-General. (*People* v. *Hegeman*, 57 Misc. Rep. 295; *Horman* v. *United States*, 116 Fed. Rep. 350; *The Ottumwa Belle*, 78 Fed. Rep. 643; *Hammond* v. *Pennock*, 61 N. Y. 145; *Allen* v. *Addington*, 7 Wend. 1; *Mudsill Min. Co.* v. *Watrous*, 61 Fed. Rep. 163; *Prout* v. *Chisholm*, 21 App. Div. 54; *Hall* v. *Geiger-Jones Co.*, 242 U. S. 539; *Merrick* v. *Halsey & Co.*, 242 U. S. 568; *Caldwell* v. *Sioux Falls Stock Yards*, 242 U. S. 559.)   The Martin Act does not grant judicial power to the Attorney-General, and does not violate the Constitution of the State of New York or of the United States.   (*People ex rel. Armstrong* v. *Murphy*, 65 App. Div. 126; *Murray's Lessee* v. *Hoboken Land Improvement Co.*, 59 U. S. [18 How.] 272; *United*

*States* v. *Ferrira,* 54 U. S. [13 How.] 40; *Matter of Hertle,* 120 App. Div. 717; *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297; *Hirshfield* v. *Craig,* 239 N. Y. 98; *Union Bridge Company* v. *United States,* 204 U. S. 364; *Sears, Roebuck & Co.* v. *Federal Trade Commission,* 258 Fed. Rep. 307; *People ex rel. Bender* v. *Milliken,* 185 N. Y. 35; *Hirshfield* v. *Hanley,* 228 N. Y. 346; *People* v. *Ellenbogen,* 114 App. Div. 182; *Matter of McAneny,* 215 App. Div. 797; *Matter of Fenton,* 58 Misc. Rep. 303.) The enactment of the Martin Act to prevent fraud is a proper exercise of the police power of the State. (*Hall* v. *Geiger-Jones Co.,* 242 U. S. 539; *People ex rel. Armstrong* v. *Warden, etc.,* 183 N. Y. 223; *People* v. *Luhrs,* 195 N. Y. 377.) The Martin Act is a remedial statute and should be liberally construed to protect the public from fraud and imposition. (*People* v. *Bartow,* 6 Cow. 290; *Ayres* v. *Laurence,* 59 N. Y. 192; *Tiller* v. *United States,* 3 How. [U. S.] 197; *Carey* v. *Giles,* 9 Ga. 253.) The appellants and the public did not deal on equal terms and the appellants were bound to make full disclosure of the facts. (*Brewster* v. *Hatch,* 122 N. Y. 349; *Churchill* v. *St. George Development Co.,* 160 N. Y. Supp. 357; *Rothschild* v. *Mack,* 115 N. Y. 1.) The jurisdiction of a court of equity is not ousted because the acts enjoined may also be a violation of the criminal law. (*Matter of Debs,* 158 U. S. 564; *City of New York* v. *N. J. & S. I. Ferry Co.,* 159 N. Y. Supp. 434; *N. Y. Central Iron Works Co.* v. *Brennan,* 105 N. Y. Supp. 865; *Davis* v. *Zimmerman,* 36 N. Y. Supp. 303.)

POUND, J. On motion for judgment on the pleadings on the ground that the complaint does not state facts sufficient to constitute a cause of action against the appellants, the Special Term denied the motion and the Appellate Division affirmed and certified the following questions to this court:

" (1) Does the definition of fraudulent practices contained in section 352 of article 23-A of the General Business Law of New York, known as the Martin Act, include the sale or sales of securities or commodities by means of concealment or misrepresentation of material facts, where such concealment or misrepresentation is not intentional, viz., in a case of implied fraud, as distinguished from a case of intentional fraud?

" (2) Does the said Martin Act authorize suit by the Attorney-General for injunction against persons engaged in the sale of securities or commodities through concealment or misrepresentation of material facts, where such concealment or misrepresentation was not intentional, viz., in a case of implied fraud, as distinguished from a case of intentional fraud?

" (3) If either question (1) or (2) be answered in the affirmative, do the provisions of the Martin Act deprive the defendants of their property without due process of law in violation of the Constitution of the State of New York?

" (4) If either question (1) or (2) be answered in the affirmative, do the provisions of the Martin Act deprive the defendants of their property without due process of law in violation of the Constitution of the United States?

" (5) Does the complaint state facts to constitute a cause of action against the defendants? "

The action is brought by the Attorney-General under article 23-a of the General Business Law (L. 1921, ch. 649, as amended), which is known as the Martin Act or the Blue Sky Law, to restrain the appellants, doing business under the firm name and style of Carden, Green & Co., from engaging in alleged fraudulent practices in violation of the act in relation to the sale of the stock of the defendant corporations and for a receiver.

The primary purpose of the law is remedial in its character. It provides (§ 352) for the investigation by the Attorney-General of the fraudulent practices therein

enumerated in respect to the sale of bonds, stocks and other securities and commodities and authorizes him (§ 353) to bring suit to enjoin persons and corporations from engaging therein and (§ 353-a) to obtain the appointment of a receiver to take title to all property derived by defendants by means of such fraudulent practices and liquidate the same for the benefit of persons intervening in the action and establishing an interest in the property. The Attorney-General may also prosecute (§ 358) every person " charged with the commission of an indictable offense in violation of the laws of this State, applicable to or in respect of the practices or transactions which in this article are referred to as fraudulent practices."

Section 359-g of the act is penal in its character. It (Subd. 1) makes disobedience to any order or judgment granted pursuant to the provisions of the act a misdemeanor and it (Subd. 2) makes a violation of " any of the provisions of this article " a misdemeanor. But crimes are not created by implication and the act does not prohibit fraudulent practices. It merely provides a procedure to prevent them.

While certain practices are declared by the act to be fraudulent the definition of a fraudulent practice goes no further than to say that a fraud or a violation of law which would operate as a fraud is a fraudulent practice which may be enjoined, and we must gather from other sources the meaning of the word " fraud." In a broad sense the term includes all deceitful practices contrary to the plain rules of common honesty.

The purpose of the law is to prevent all kinds of fraud in connection with the sale of securities and commodities and to defeat all unsubstantial and visionary schemes in relation thereto whereby the public is fraudulently exploited. (*Hall* v. *Geiger-Jones Co.,* 242 U. S. 539.) The words " fraud " and " fraudulent practice " in this connection should, therefore, be given a wide meaning so as to include all acts, although not originating in any

actual evil design or contrivance to perpetrate fraud or injury upon others, which do by their tendency to deceive or mislead the purchasing public come within the purpose of the law.

Penal Law, section 421, provides as follows:

" § 421. Untrue and misleading advertisements. Any person, firm, corporation or association, or agent or employee thereof who, with intent to sell or in any wise dispose of merchandise, real estate, securities, service, or anything offered by such person, firm, corporation, or association, or agent or employee thereof, directly or indirectly, to the public for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or an interest therein, makes, publishes, disseminates, circulates, or places before the public, or causes, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this State, in a newspaper, magazine or other publication, or in the form of a book, notice, circular, pamphlet, letter, handbill, poster, bill, sign, placard, card, label, or tag, or in any other way, an advertisement, announcement or statement of any sort regarding merchandise, securities, service or anything so offered to the public which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading shall be guilty of a misdemeanor."

A complaint which alleges that defendants are putting forth untrue and misleading advertisements with intent to sell securities alleges a fraudulent practice, *i. e.*, a " violation of law which has operated or which would operate as a fraud upon the purchaser." (§ 352.)

The complaint before us cannot be commended as a model of conciseness. " Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading

relies, but not the evidence by which they are to be proved." (Civ. Prac. Act, § 241.) The ultimate facts are not pleaded. The evidence by which they are to be proved is set forth in unnecessary detail, but the question before us is not whether the complaint is definite and certain, but whether it is sufficient as against a motion in the nature of a demurrer. The appellant states the question to be considered as follows:

" The question immediately arises, in the absence of any clear definition in the statute itself, as to whether this statute is directed to the suppression of equitable fraud, which does not connote scienter, or whether being a penal statute, as we maintain, and subject to the rule of strict interpretation governing the construction of such statutes, its operation must not be held to be confined to cases of legal or intended fraud, as the term is generally understood."

It is practically assumed both on the briefs and by the questions certified to this court that if the statute is directed against all kinds of fraud, facts are sufficiently set forth in the complaint to bring the case under the statute. The allegations are in effect that the advertising matter of the defendants, contained in a promoters' prospectus, unduly inflates the value of the stock and conceals certain facts in regard to such values which should in good faith be revealed. The complaint charges specifically that the sale of the stock operates as a fraud on the public within the meaning and intent and in violation of the statute and is within the provisions of the statute. The Penal Law condemns as a fraudulent practice the flotation of worthless securities by untrue, deceptive or misleading advertising. If the intent of the defendants in engaging in the practices complained of is to sell securities which are in fact worthless or worth substantially less than the asking price, intentional misstatements, as in an action at law to recover damages for fraud and deceit (*Reno* v. *Bull,* 226

N. Y. 546), need not be alleged. Material misrepresentations intended to influence the bargain, on which an action might be maintained in equity to rescind a consummated transaction, are enough. (*Bloomquist* v.*Farson,* 222 N. Y. 375.) Promoters are under a duty to make reasonable investigation before issuing a prospectus and to the extent that they fail in the performance of their duty, lack of *scienter* will not relieve them from liability in actions brought under the Martin Act.

The printed matter complained of herein as deceptive and misleading contains the words: " Price $21 per share. This issue is offered as a speculation. Information contained herein has been obtained from sources which we deem reliable, but do not guarantee." If defendants, on the allegations of the complaint, could as matter of law exempt themselves from the duty of reasonable investigation by making this statement taken as a whole in connection with their offers to the public the law against fraudulent practices would be sadly impaired. It is unnecessary to consider whether a like duty attaches to persons not promoters. " Perfectly honorable members of the business in question," in the words of HISCOCK, Ch. J., in *Dunham* v. *Ottinger* (243 N. Y. 423), are safeguarded by substantial provisions in the act and by the power of the courts, and the law is not aimed at them.

The complaint is, therefore, good as alleging a species of conduct commonly, although perhaps inaccurately, called equitable fraud although the facts alleged do not connote what is commonly known as actual or intentional or legal fraud, *i. e.,* false representations knowingly made and acted on, resulting in damage.

The order should be affirmed, with costs, and questions one, two and five answered in the affirmative. The other questions are answered in the negative.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Ordered accordingly.