(July 9, 1954.)

■

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ELECTRO PROCESS, INC., et al., Respondents.— Judgment insofar as it dissolves the order of March 20, 1951, affirmed, and insofar as it dismisses the complaint reversed on the law, without costs of this appeal to any party, and judgment entered in favor of the plaintiff in accordance with the memorandum. Memorandum: We feel that the allegations contained in the first and second causes of action find ample support in the evidence, and have been established. The learned Official Referee points out in his decision that " The preparation and use of the pamphlets, exhibits 9 and 10, and the giving of the information to the newspapers and to the trade journal were practices which come under the condemnation of the statute." (General Business Law, art. 23-A, § 352.) The fact, if it is a fact, that no sales of stock have resulted from such printed matter does not permit the escape from such condemnation, as the statute specifically provides in its declaration as to what constitutes a fraudulent practice or fraudulent practices. We, therefore, reach the conclusion that the complaint should not have been dismissed. The judgment insofar as it dismisses the complaint should be reversed, and judg-

■

ment should be entered in favor of the plaintiff restraining the defendants in connection with the issuance, sale, promotion, negotiation, advertisement or distribution within the State of New York, of any stocks, bonds, options or other security or securities of the defendant Electro Process, Inc., from falsely representing the financial condition of the corporation; from falsely representing the amount of its gross business; from falsely representing it has received substantial orders from any individual, firm, or corporation not a customer of the corporation; from representing that the defendant Electro Process, Inc., has obtained a patent upon any process upon which it has not in fact obtained a patent; and from employing any device, scheme or artifice to defraud or for obtaining money or property by means of any false pretense, representation or promise. All concur, except Wheeler, J., who dissents and votes for affirmance, in the following memorandum: I agree that some of the statements contained in Exhibits 9 and 10 which were used in promoting the sale of capital stock of the defendant corporation, as well as the giving of information to newspapers relating to patent rights, were practices which come under the condemnation of the Martin Act. However in view of the mitigating circumstances, and the fact that these defendants have already been enjoined by virtue of a temporary injunction since the spring of 1951, I reach the conclusion that the Referee's discretion in declining to impose further injunctive relief was properly exercised. (Appeal from a judgment dismissing plaintiff's complaint and dissolving the temporary injunction.) Present — McCurn, P. J., Kimball, Piper, Wheeler and Van Duser, JJ. [203 Misc. 431.]