Isidor Wasservogel, Special Referee.
Plaintiff seeks a permanent injunction enjoining the defendant from engaging in the securities business within and from the State of New York on the ground that he had participated in fraudulent practices as defined in article 23-A of the General Business Law, commonly known as the “ Martin Act.”
The complaint alleges that during the period from 1941 to 1954, defendant, while employed by certain securities dealers in the city of New York as a salesman and customers’ man, purchased and sold securities on behalf of one Paul A. Gerhardt. Plaintiff contends that during these years defendant sold certain of Gerhardt’s securities without his knowledge or consent and fraudulently represented to him that he was still the owner of such securities, which purportedly were being held for safekeeping by defendant’s employers. Defendant denies the allegations of fraud and asserts that the provisions of the Martin Act have no application to the facts adduced upon the trial of this action, particularly inasmuch as only one *566 purchaser is here involved and because defendant is merely a “salesman” rather than a “broker” or “dealer” in securities.
There is no merit to defendant’s contention regarding the application of the Martin Act. This statute confers broad discretionary powers upon the Attorney-General of the State of New York. The Attorney-General, as an executive official, may, under the provisions of the Martin Act, seek to restrain any person from engaging in fraudulent and deceitful practices in the sale of securities. Although this statute confers upon the Attorney-General a permissive privilege to act, nevertheless, it imposes upon him the mandatory duty to protect the purchaser of securities against such practices, whether they be engaged in by a broker, dealer, salesman, or any other individual connected with the business of selling the securities and commodities designated in article 23-A of the General Business Law (Dunham v. Ottinger, 243 N. Y. 423, 432).
In the case at bar, unlike the usual action brought under the provisions of the Martin Act, the credible evidence fails to establish that defendant was guilty of any larceny or that he converted Gerhardt’s securities or the proceeds thereof to his own use and benefit. Moreover, contrary to plaintiff’s contention, there is sufficient proof to warrant the conclusion that defendant had full and complete authority from Gerhardt to make purchases and sales of securities for his account throughout the entire period covered by the complaint. Nevertheless, the credible testimony and documentary evidence does establish that defendant, for some unexplained reason, failed to advise Gerhardt of the sale of certain of his securities and by various tactics, in effect, concealed such fact from him. The record shows that defendant caused his employers to send their checks to Gerhardt in payment of alleged interest and dividends earned on such securities, which, in fact, had been sold prior thereto. The moneys thus paid to Gerhardt actually represented the proceeds of these sales or debits charged against his cash balance on hand in the dealer’s office, rather than interest or dividend payments as represented by defendant.
Although this deceitful practice on defendant’s part was not shown to have resulted in any personal profit to him, the term “ fraud,” as set forth in the applicable statute, is broad enough to include such practice, which, in the opinion of the court, is contrary to plain rules of common honesty. The words “ fraud ” and “ fraudulent practice” in connection with the Martin Act must be given a wide meaning so as to include all acts, although not orginating in any actual evil design or purpose *567 to perpetrate fraud or injury upon others, which do by their tendency to deceive or mislead, come within the scope and intendment of article 23-A of the General Business Law (People v. Federated Radio Corp., 244 N. Y. 33, 38-39; see, also, People v. Smith Co., 230 App. Div. 268, 269). Thus, contrary to defendant’s contention, his willful and intentional failure to advise Gerhardt of the sale of certain of his securities and his deliberate efforts to conceal such sale by misrepresenting the proceeds thereof as dividends or interest payments, constitute “ fraudulent practices ” which plaintiff may properly enjoin under the provisions of this statute.
It should be noted, however, that the nature of relief in an action under the Martin Act is essentially equitable in character (People v. Riley, 188 Misc. 969, 972). Although plaintiff’s complaint seeks the full measure of rigorous relief provided for by the statute, it is significant that for almost two years prior to the trial of this action, the Attorney-General permitted defendant to continue in business as a securities salesman and customers’ man without hindrance or objection, despite the fact that the provisions of the applicable law made available to him a preliminary injunction if defendant’s conduct, in fact, required the full, stringent and harsh prohibitions which plaintiff now requests. In the opinion of the court, the proof adduced upon the trial does not warrant the severe relief of permanently barring defendant from engaging in any manner in the securities business. (See General Business Law, § 353.)
Judgment, accordingly, is rendered in favor of plaintiff enjoining the defendant from engaging in the securities business in and from the State of New York as principal, broker, agent, dealer, salesman or customers’ man, for a period of one year from the date of entry of the decree to be submitted herein.
No costs are awarded.
Submit decree within 10 days on 3 days ’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.