Joseph A. Gavagan, J.
In an action under article 23-A of the General Business Law (the Martin Act), plaintiff seeks a temporary injunction. It is not denied that defendant corporations and the individual defendant as their president have circulated a stock prospectus to the public which contains a substantial misleading statement as to the money which ‘ ‘ has been raised ”. Nor is it denied that the prospectus includes on a corporate executive board, board of directors, or advisory council the names of certain “ selected industrialists, businessmen and educators ” without their consent and without any intention by them to be affiliated with these enterprises. The name Douglas MacArthur is also listed in connection with a proposed television film without his apparent consent.
The defendants urge that the prospectus is, as captioned, a ‘ ‘ preliminary draft ’ ’ and that they have been and are willing to revise the prospectus and that no public sales have resulted from its circulation.
It is well settled that the purpose of the Martin Act is to prevent all kinds of fraud upon the public arising from the sale of securities. “ The words ‘ fraud ’ and ‘ fraudulent practices ’ in this connection should, therefore, be given a wide meaning so as to include all acts, although not originating in any actual evil design or contrivance to perpetrate fraud or injury upon others, which do by their tendency to deceive or mislead the purchasing public come within the purpose of the law.” (People v. Federated Radio Corp., 244 N. Y. 33, 38, 39.)
There can be no doubt that the prospectus circulated by the defendants tends to mislead the public. Accordingly the motion for a temporary injunction is granted.
No consideration has been given to certain extraneous matter which, although asserted in both the moving and answering affidavits, is most irrelevant and immaterial on this motion.
Settle order, which may contain a provision for an early trial