Aeon Steuer, J.
This is an action brought by the Attorney-General to restrain the defendants from selling stock pursuant to article 23-A of the General Business Law. The defendants are two corporations and an individual, the latter being president and the active factor of both. Though unusually fluent he was a witness who was wordy rather than clear and the volume of his testimony was not a satisfactory substitute for quality. As far as could gathered, one of the defendants, Film Network, Inc., was organized for the purpose of financing the creation of a series of corporations of which Master Television Corporation, the other corporate defendant was the first. These corporations were intended to own and operate television stations. The distinctive feature of these corporations was to be that their ownership, management and control was to be exclusively in Christian hands. All of the authorized stock of Film Network has been sold. None of the Master Television stock has been sold except a block to the parent company. Aside from the sale of the stock neither corporation has had any financial transaction.
The individual defendant’s method of selling stock was to contact prospective purchasers and to give or send them a brochure which was labelled “ preliminary draft ” but purported to be a prospectus of the proposed operation. His efforts, for the most part, were directed to people whom he had reason to believe would be attracted by the general idea of a medium of influencing public thought conducted under the auspices indicated and the prospectus so states as its opening and leading argument. The efforts, as far as proved, were directed to selling large blocks of stock and the prospects contacted apparently looked into the proposition with some care. Those who testified inquired for the facts behind the glib phrases in the prospectus. They were given the facts. *876 They did not buy. On the other hand none of those who bought have complained.
The purpose of the article (General Business Law, art. 23-A, supra) is to protect the public to a greater degree than that provided by an action for fraud (People v. Federated Radio Corp., 244 N. Y. 33). It is not a prerequisite of an injunction under the act to show that sales actually resulted from fraudulent practices (People v. Electro Process, 284 App. Div. 833). Nor is fraud in the classical sense of the word a necessary factor. The essential is the potentiality of the public being misled into investing. ‘‘ An unsubstantial and visionary scheme ” may be enjoined (People v. Federated Radio Corp., supra) even though an astute investor might well see its defects.
The instant case reveals such a scheme. Its faults do not lie in the restrictions which are set forth as its primary appeal but in the bland assumptions set forth in the prospectus. Prominent among these are the claimed resources of the corporation from commitments of other companies to it and the interested participation of well-known actors and public characters. Upon scrutiny none of these are shown to exist. The financiers are not committed, except upon conditions which the defendants have shown no ability to meet. Nor is there the least proof that the individuals will respond as the prospectus indicates. As a final proof of the insubstantial nature of the enterprise the individual defendant testified in support of these chimeras as if they were real, thus displaying a confidence in the generosity of lending institutions or the gullibility of the court, either of which simple traits would be fatal to the management of the enterprise. The conclusion is inevitable that either the scheme is visionary or the schemer is a charlatan.
Submit judgment for injunction.