Van Voorhis, J., (dissenting).
The constitutionality of the Martin Act has been established (General Business Law, art. 23-A: Dunham v. Ottinger, 243 N. Y. 423; People v. Federated Radio Corp., 244 N. Y. 33), nor do we question that appellant should have been restrained from engaging in fraudulent practices in respect to stocks, bonds and other securities. But the injunction decree is so obscure and universal in scope that it seems to us that it should not be approved by this court without modification. The changes proposed by respondent are *799 inadequate. This is said to be the standard form in use by the Attorney-General’s office under this statute. If so, it is all the more important that it should be changed. The form of these decrees has evidently “ just grown ” with the passage of years, like Topsy. It would be unfair to visit the blame for this prolix and ungrammatical collection of words upon the staff of the Office at any particular time, still less upon Special Term, but when years of accretion have produced a verbal labyrinth with stalactites and stalagmites worthy of the Mammoth Cave in Kentucky, it is time to order a revision. An injunction is enforced by punishment for contempt of court. The nature of the prohibited conduct should be defined with enough clarity so that a defendant can know in advance what is permissible, and need not wait until contempt proceedings are instituted in order to learn what the injunction against him meant. In May's Furs & Ready-To-Wear v. Bauer (282 N. Y. 331, 343), this court said: ‘ ‘ Restrictions such as these are improper upon two counts: First, they offend against the well-settled principle of equity, that an injunction must clearly inform a defendant of the acts he is forbidden to commit. Precision may be less readily attainable in some situations than others, but the injunction in the case at bar is couched in exceedingly sweeping terms. Second, the injunction forbids defendant to engage in activities which are altogether lawful.”
According to the usual meaning of words, this decree prohibits defendant from being employed by or connected in any capacity with any corporation which has sold or may sell its stock to the public, or in a business which buys or sells commodities. This may not have been what was intended, and there may be no intention to enforce the decree in that manner; nevertheless, the Martin Act is at best a drastic exercise of the police power, and this court has warned in an opinion by Chief Judge Hiscock, in sustaining its constitutionality, that “ this statute confers upon the Attorney-General great and far-reaching powers which might be made a means of persecution and injury of perfectly honorable members of the business in question by an unwise or unscrupulous official.” (Dunham v. Ottinger, supra, p. 438.)
This prosecution is neither unwise nor unscrupulous, but the quotation from Dunham v. Ottinger (supra) emphasizes the need for precision rather than the opposite in the phrasing of *800 Martin Act injunctions. They run into the indefinite future, nor can anyone know how they will be enforced except by the language which they contain. A defendant in such an action, however objectionable his conduct may have been, should not be condemned to thread his way ‘ ‘ through caverns measureless to man ” in order to know what he is permitted to do in order to earn a livelihood in the future.
The judgment appealed from should be modified by remitting the action to Special Term for the purpose of drafting and entering a clear and comprehensible decree, permanently enjoining appellant from engaging in activities prohibited by the Martin Act.
Judgment affirmed.