· ■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONCORD FABRICS, INC., et al., Appellants.—Order, Supreme Court, New York County, entered on June 30, 1975, affirmed on the opinion of Markowitz, J., at Special Term. Respondent shall recover of appellants $40 costs and disbursement of this appeal. Concur—Markewich, J. P., Lupiano, Tilzer and Capozzoli, JJ.; Lane, J., dissents in a memorandum, as follows: The defendant Concord Fabrics, Inc., was initially a closely held corporation which was owned by members of the Weinstein family (Weinstein). After Concord "went public," 68% of the common stock was owned by Weinstein and 32% by the public. The shares have been listed on the American Stock Exchange since June, 1969. In 1975 a plan was announced to return the corporation to private ownership. The defendant AFW Fabric Corp. (AFW) acquired the 68% of Concord shares held by Weinstein and was to be the vehicle for purchasing the balance of the shares held by the public shareholders. AFW made a tender offer of $3 per share held by the public. The purpose of the proposed merger, including as well other relevant financial data, was clearly described in the proxy statement filed with the Securities and Exchange Commission. The Attorney-General instituted this action to enjoin the merger pursuant to the mandate of article 23-A (§ 352 *et seq.)* General Business Law. Section 353 of the General Business Law authorizes bringing an action for injunctive relief: "Whenever it shall appear to the attorney-general, either upon complaint or otherwise, * * * that in the issuance, exchange, purchase, sale, promotion, negotiation, advertisement, investment advice or distribution within or from this state, of any stocks, bonds, notes, evidences of interest or indebtedness or other securities, * * * any person, partnership, corporation, company, trust or association, or any agent or employee thereof, shall have employed, or employs, or is about to employ any device, scheme or artifice to defraud or for obtaining money or property by means of any false pretense, representation or promise, or that any person, partnership, corporation, company, trust or association, or any agent or employee thereof, shall have made, makes or attempts to make within or from this state fictitious or pretended purchases or sales of securities or commodities or that any person, partnership, corporation, company, trust or

association, or agent or employee thereof shall have employed, or employs, or is about to employ, any deception, misrepresentation, concealment, suppression, fraud, false pretense or false promise, or shall have engaged in or engages in or is about to engage in any practice or transaction or course of business relating to the purchase, exchange, investment advice or sale of securities or commodities which is fraudulent or in violation of law and which has operated or which would operate as a fraud upon the purchaser". (General Business Law, § 352, subd [1].) Special Term granted preliminary injunctive relief. The court found "the fact that full disclosure of the aims of the Weinstein group have been articulated" to be overshadowed by an apparent policy of the State insuring the small investor from becoming "prey to a self-interested majority either in going public or private." It appears that Special Term and the majority of my brethren are espousing a policy which in fact has not been articulated as such in the State of New York and which does violence to statutory and case law to the contrary. The Business Corporation Law specifically provides for procedures to effectuate mergers (art 9) and also affords remedies to minority holders (Business Corporation Law, §§ 910, 623). Article 23-A of the General Business Law has classically been construed as applicable and enforceable only when the acts committed have a tendency to deceive or mislead (see *People v Federated Radio Corp.,* 244 NY 33, 38–39). Rule 10B-5 under the Securities Exchange Act of 1934 has language analogous to section 352 of the General Business Law and cases construing it have held that nondisclosure (i.e. tendency to deceive or mislead) is a prime ingredient for invoking protection of the act *(Popkin v Bishop,* 464 F2d 714; *Tanzer Economic Assoc. v Haynie,* 388 F Supp 365; cf. *Kaufmann v Lawrence,* 386 F Supp 12, affd 514 F2d 283). In the case at bar, none of the statutory ingredients required for injunctive relief is extant. To the contrary, there was full disclosure of the plan and its purpose. Under such circumstances, it would be improvident to grant the application of the Attorney-General for preliminary injunctive relief. Accordingly, the order of the Supreme Court, New York County, granting a preliminary injunction, should be reversed and the motion denied. [83 Misc 2d 120.]