*760 OPINION OF THE COURT
Irving Kirschenbaum, J.
This is an application by plaintiff to enjoin defendants pendente lite from "engaging in any business relating to the purchase and sale of securities including cooperatives, condominiums and interests in homeowners associations including Enchanted Lake” and for related injunctive relief. Defendants cross-move pursuant to CPLR 3211 (subd [a], par 7) to dismiss this action, which has been instituted pursuant to article 23-A of the General Business Law (the Martin Act) for a permanent injunction on the ground that defendants have allegedly carried out fraudulent practices in the offering and sale of certain real estate securities without prior compliance with the registration requirements of the statute. Defendants Kenneth F. Gorman and Barbara Slaughter also cross-move under CPLR 3211 (subd [a], pars 2, 8) to dismiss the complaint for lack of personal jurisdiction.
At issue in this proceeding is an unimproved 1,200 acre tract of land in Napoli Township, Cattaraugus County, New York (60 miles from Buffalo) where approximately 405 individuals (the purchasers) bought 75 feet by 100 feet lots for prices ranging from $1,950 to $16,545 from defendant Enchanted Lakes Corporation (ELC) following its incorporation in 1972. The applicable contracts of sale required that the purchasers become members in defendant Enchanted Lake Club, Inc. (the club) entitling them eventually to share in the common support and recreational facilities (the common elements) contemplated for construction in the community planned on the Enchanted Lake site. The common elements included roads, lakes, parks and water and sewage systems, and the sale contracts expressly provided that they "will be owned by Enchanted Lake Club, Inc.” It is undisputed that the purchase price of the various lots was intended to be applied towards building the common elements and was, to an indeterminate extent, so applied. The construction work has been suspended, leaving the projected common elements partially completed. Defendants maintain that they became "economically impossible to complete”.
Defendants argue vehemently and cogently in opposition to plaintiff’s motion for a temporary injunction and in support of their cross motion to dismiss that the underlying real estate transactions are not covered by the provisions of the Martin Act since they do not involve the sale of securities within the *761 purview of section 352-e of the General Business Law, the statute that is primarily relied on by plaintiff. (This statute prohibits the sale of real estate syndication offerings defined as "securities consisting] primarily of participation interests or investments in one or more real estate ventures, including cooperative interests in realty.”)
It is defendants’ basic contention that the purchasers transacted normal sales of real estate involving the conveyance of title in fee simple to specific plots of land, and that the issuance of neither (1) shares of stock in a co-operative entity, nor (2) securities in a real estate syndication, took place. Defendants claim that such real estate sales are, therefore, expressly excluded from the purview of the Martin Act under subdivision 1 of section 352 of the General Business Law. In support of their position, defendants stress the purchasers’ understanding that their membership in the club did not entail the right either to belong to or have a voice in the formation of the club’s board of directors, but solely to take part in selecting and working on committees to be set up once the common elements were completed.
Defendants further seek to distinguish the facts at bar from the factual situation they contend is required under the provisions of the Martin Act on the ground that the purchasers agreed to be subject to assessment by the club after the completion of the common elements for the purpose of maintaining and servicing the facilities. Under this arrangement, according to defendants, the purchasers would have "the privilege of using the facilities” and the club "would operate them for the community”. Defendants urge that such privileges "constitute, at most, a license to use the real estate interested owned by the Club; and * * * cannot properly be held to be 'cooperative interests in realty’”.
Plaintiff argues, on the other hand, with equal vigor and cogency, that the membership in the club to which the purchasers committed themselves upon acquiring title to their individual lots falls within the purview of section 352-e (subd 1, par [a]) of the General Business Law under a broad construction of the statutory phrase of art "co-operative interests in realty”. It is contended that although the purchasers had neither an expectation of profit nor a contractual claim to ownership of the common elements, the relief sought in this proceeding is available since the intent of the Martin Act is to protect parties purchasing a nonprofit participatory interest in *762 realty, as well as to protect investors for profit in a realty venture. Plaintiff urges that the mandatory acquisition by the purchasers of membership in the club is the practical equivalent of the purchase of shares of stock in a real estate syndicate, and that they are entitled to the same statutory protection as investors for profit. Plaintiff also contends that the investment by the promoters of the Enchanted Lake enterprise of moneys paid by the purchasers for the purpose of constructing the common elements, however ill-fated the venture may have turned out, constitutes the solicitation of "risk capital” and, therefore, "the offering and sale of securities,” sufficient to come within the meaning of the Martin Act.
The court finds that plaintiff has made out a prima facie case under the Martin Act. The deed given to the purchasers evidencing their acquisition of a specific plot of land was only one feature of the real property transactions entered into with ELC. The obvious intent of the transactions was to grant to the purchasers an irrevocable right to the concomitant benefits of sharing in the projected facilities, the retention of formal ownership therein by the club being but incidental to this overriding consideration. Since the undeniable substance of the transactions entails a justifiable expectation of permanent access to the common elements, the purchasers should not be denied the protection of the statute merely because defendants have conceived a contractual method which at first blush might appear to circumvent the statutory purpose. Thus, the provisions of subdivision 1 of section 352 of the General Business Law, which exclude a sale of land in fee simple from the purview of the statute, are not determinative of the instant proceeding. It would require an unnecessarily narrow interpretation of the Martin Act, running counter to the realities of the transactions between the purchasers and defendants, to exclude the transactions from the meaning of the statute.
Accordingly, defendants’ cross motion to dismiss for failure to state a cause of action is denied. However, that branch thereof which seeks to dismiss the complaint as against defendant A. J. Industries, Inc. (AJI), the parent corporation of the remaining corporate defendants, is granted in the absence of a sufficient showing warranting this court’s disregarding AJI’s corporate form (see Walkovszky v Carlton, 18 NY2d 414, 417-419).
The cross motion by defendants Gorman and Slaughter to *763 dismiss on jurisdictional grounds is denied with respect to Gorman, it appearing that proper service has been effectuated on him in accordance with the provisions of section 352-b of the General Business Law. This application is denied as academic as to Slaughter, it appearing that service of process on her has not been effectuated.
The main motion for a preliminary injunction is granted as prayed for, sufficient reasons having been shown to warrant granting such relief as against all the defendants except AJI.
Settle order providing for a severance of the remaining claims.