OPINION OF THE COURT
Bernard Nadel, J.
Petitioners seek to set aside subpoenas duces tecum served upon them by respondent Attorney-General. They assert that, until recently, they have been engaged in offering to the public nonnegotiable, nontransferable contracts for the future delivery of coins and bullion. The grounds urged for quashing the subpoenas are those of Federal pre-emption, the absence of any authority on the part of the Attorney-General, the *344 material demanded being under prior subpoena by the Federal agency having jurisdiction, and the subpoenas themselves being overbroad.
It is clear that the Commodity Futures Trading Commission Act of 1974 (which amended the Commodity Exchange Act, US Code, tit 7, § 1 et seq.) granted to the Commodity Futures Trading Commission established by the 1974 act exclusive jurisdiction to regulate so-called leverage contracts in precious metals. It is also clear that the Futures Trading Act of 1978 granted to State authorities the right to bring suit in Federal court for violations of the Federal act, permitted them to exercise whatever authority they have under State law to investigate, subpoena witnesses and compel the production of documentary evidence in connection with such a suit, and expressly reserved to them the right to proceed in the State courts on any alleged violation of a general civil or criminal antifraud statute of the State. (US Code, tit 7, § 13a-2.) The Attorney-General asserts that his investigation is to determine whether there have been violations of the Federal law or of the Martin Act (General Business Law, art 23-A).
In view of the Federal grant of authority to the States to act under the Federal statute, there must be resolved two issues, to wit, whether the Attorney-General has the authority under State law to investigate petitioners’ business (including the right to compel the production of books and records), and whether an investigation by him to determine whether there have been violations of the Federal act may be construed to be in connection with a suit under that act and thus bring him under the Federal statute’s general grant of authority. The court finds in the affirmative on both issues. Although paragraph 1 of section 352 of the General Business Law generally concerns the Attorney-General’s authority to investigate the business of buying and selling securities, it authorizes also his investigation, inter alia, of "the * * * promotion * * * of * * * evidences of interest”. Any doubt that the contracts in which petitioners deal constitute "evidence of interest” must be resolved in favor of the Attorney-General’s right to investigate, for article 23-A of the General Business Law is to be liberally construed in order to achieve the beneficent purpose of the law (People v Federated Radio Corp., 244 NY 33). In order to give reasonable effect to the provision in the Federal statute which grants to the State the authority to conduct investigations in connection with a suit under the statute, *345 investigations to determine whether the statute has been violated must be construed to be investigations in connection with such a suit. This appears to have been the intent of Congress in enacting the legislation. ”[A]ny state official who has investigative powers bestowed on him or her by State law is free, under new section 6d, to exercise those powers in preparation for bringing any action under this section, or in determining whether such an action shall be instituted.” (Sen Rep No. 95-850, 95th Cong, 2d Sess, p 26; US Code Cong and Admin News, 1978, p 3844.)
Petitioners’ object that the material which the subpoenas demand to be produced is already under subpoena by the Commodity Futures Trading Commission (CFTC). The objection is more technical than substantial. The Attorney-General and CFTC are co-operating in the subject investigation, and CFTC has submitted an amicus curiae memorandum supporting the position of the Attorney-General. Whatever technical problems may be presented by subpoenas from both of these agencies will without doubt be resolved between them.
The only remaining objection is that the subpoenas are too broad. The subpoenas are relevant in purpose and limited to the production of records for a period of one year and compliance will not be unreasonably burdensome.
Accordingly, the application to quash the subpoenas is denied.