ALL SEASONS RESORTS, INC., Respondent, v ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant.

Third Department, July 11, 1985

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General* (*Gerald J. Hurwitz* and *Robert Hermann* of counsel), appellant *pro se.*

*Thomas S. West* for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Plaintiff is a corporation, organized under the laws of the State of Washington, which owns and operates 11 campgrounds. Although none of these are located in New York State, plaintiff intends to sell memberships and eventually build a campground in this State. The campsites consist, essentially, of parking sites for recreational vehicles along with hookups for electricity, fresh water and waste discharge, as well as other amenities and recreational improvements. Plaintiff markets "memberships" which give the purchaser the nonexclusive, nonspecific use of campground and parking sites and recreational facilities owned

by plaintiff on a first-come, first-served basis. On the three summer holiday weekends, reservations are required. Two of the limits on use are that stays are limited to 14 days and for stays of 5 or more days, a waiting period is imposed before the next use. The fee for such a membership ranges from about $4,500 to $6,100. Thereafter, annual dues tied to the cost of living are charged.

Defendant, the Attorney-General of the State of New York, has taken the position that the memberships are "participation interests or investments in real estate" such that they are "securities" within the meaning of General Business Law § 352-e, requiring plaintiff to file an offering statement or prospectus and comply with other requirements. Plaintiff commenced this action seeking a declaration that its marketing of memberships does not fall within General Business Law § 352-e. Defendant, who is charged with enforcing the statute (General Business Law §§ 352, 352-e), moved to dismiss the complaint and such motion was converted into one for summary judgment (CPLR 3211 [c]). Special Term, in a thorough, well-reasoned decision, held that the memberships were neither an investment nor a participation interest in real estate. This appeal by defendant ensued.

General Business Law article 23-A, New York's "blue sky" law, also referred to as the Martin Act, is a wide-ranging statute designed to regulate New York's securities market. The section at issue herein was designed to regulate offerings of real estate securities. The statute applies to: "a public offering or sale * * * of securities constituted of participation interests or investments in real estate, mortgages or leases, including stocks, bonds, debentures, evidences of interest or indebtedness, limited partnership interests or other security or securities * * * when such securities consist primarily of participation interests or investments in one or more real estate ventures, including cooperative interests in realty" (General Business Law § 352-e [1] [a]). The thrust of the statute, thus, is in two directions: investments in real estate and participation interests in real estate. We agree with Special Term, for the reasons stated in its decision, that the memberships offered by plaintiff do not constitute investments in real estate. Whether they can be categorized as participation interests in real estate is a more difficult matter.

Plaintiff contends that a membership is simply a license to use the property owned by it and is not a cooperative interest in realty. Special Term agreed, stressing that the intent of the

Martin Act was not designed to protect all consumers from fraud, but to protect them in a narrow situation where their money was being invested with the expectation or hope of profit or capital gain. In our view, Special Term relied too heavily on the concept of profit. As stated above, the thrust of the statute is toward participation interests in real estate as well as investments therein. If the statute was intended to apply only to profit-oriented transactions, the Legislature could have written the statute to apply only to investments in real estate. The fact that the Legislature included participation interests along with the phrase "cooperative interests in realty" indicates that it intended that the statute cover nonprofit or "consumer-type" securities as well as investment securities (*see, People v Development Servs.* [*AJ*], 92 Misc 2d 759, 761-762). Indeed, in modern real estate transactions, there are often both "consumer" and "investment" aspects.

Having concluded that a profit or investment motive is not essential to the application of General Business Law § 352-e, it must be determined whether the membership offered by plaintiff is a participation interest in a cooperative interest in realty. Plaintiff points out that the "interest" conveyed is clearly defined as a mere right to use and does not include any beneficial interest in plaintiff or its assets, property, contract rights, management or income. Further, a member has no exclusive right to use of a specific space, or even a space at all, since there are generally no reservations and spaces are given on a first-come, first-served basis. While these factors weigh toward the nonapplicability of the statute, the format conceived by plaintiff is not determinative since "purchasers should not be denied the protection of the statute merely because [the offerors] have conceived a contractual method which at first blush might appear to circumvent the statutory purpose" (*People v Development Servs.* [*AJ*], *supra,* p 762). Modern real estate financing transactions have become varied and complex, and gone are the days when all "interests" in realty could be simply categorized as freeholds, leaseholds or licenses. Here, while admittedly there are characteristics of the memberships which tend to make them appear to be licenses, there are significant factors which convince us that the memberships are participation interests. One is that the fee paid by the purchaser bears no relation to the extent of use. The purchaser pays a substantial initial fee along with annual dues and these fees are not adjusted based on the amount of time the campgrounds are used. Thus, the purchaser certainly has a financial "interest" in the property. If the membership was a mere license with the cost based on usage, the purchaser would

have little financial interest in plaintiff's continued viability. In the case of insolvency, the license would be terminated and the purchaser would stop making payments. However, because of the significant initial fee and annual dues, the member has a crucial and real financial interest in the future well-being of plaintiff. In this sense, the member has indeed made an investment, albeit not a profit-motivated one. Additionally, licenses are generally revocable and personal (*see,* 17 NY Jur, Easements and Licenses, § 194 *et seq.*). In the instant case, the memberships are generally not revocable and are assignable, though such right is restricted.

The Martin Act is a remedial statute which should be read broadly for the purpose of protecting the public (*People v Federated Radio Corp.,* 244 NY 33, 38-39). It should be flexibly interpreted to effectuate its purpose to afford potential investors, purchasers and participants an adequate basis upon which to found their judgments (*see,* Goldsmith, Practice Commentary, McKinney's Cons Laws of NY, Book 19, General Business Law art 23-A, p 33). The campground membership at issue here represents a significant expenditure about which the potential purchaser needs accurate and complete information. This is particularly important in light of the potential for abuse. In the event of a bankruptcy of the campground operator, holders of memberships may well be relegated to the status of unsecured creditors (*see, In re Sombrero Reef Club,* 18 Bankr 612), thereby jeopardizing what for them is a significant financial venture. Therefore, we conclude that the memberships offered by plaintiff are participation interests in realty within the meaning of General Business Law § 352-e.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order and judgment reversed, on the law, without costs, and it is declared that the marketing of campground memberships as described in the amended verified complaint within New York State is subject to the jurisdiction of the Attorney-General of the State of New York pursuant to General Business Law article 23-A.