OPINION OF THE COURT
Barbara Gunther Zambelli, J.
Defendant is charged with three misdemeanor counts of securities fraud in violation of section 352-c of the General Business Law, also known as the Martin Act. He moves to dismiss the accusatory instrument filed against him on three grounds: (1) the District Attorney lacks authority to prosecute violations of the Martin Act; (2) the District Attorney must be disqualified because of a conflict of interest; and (3) the prosecution is barred by the Statute of Limitations.
AUTHORITY OF THE DISTRICT ATTORNEY TO PROSECUTE SECURITIES FRAUD UNDER THE MARTIN ACT
Defendant asserts that the broad powers conferred on the Attorney-General to regulate, investigate (§ 352) and enforce (§ 353) the provisions of the Martin Act evince a legislative intent to confer exclusive authority on the Attorney-General to prosecute crimes enumerated under section 352-c of the Martin Act.
The District Attorney does not dispute that the Attorney-General’s broad power to regulate, investigate and enforce is exclusive to the Attorney-General. She argues that the broad powers conferred on her by County Law § 700 and the provisions of General Business Law § 358 permit a District Attorney to prosecute the crimes enumerated in General Business Law § 352-c.
Article 23-A of the General Business Law (the Martin Act) is remedial in character. Its purpose is to protect the public from all types of fraud in the sale of securities and commodities (People v Federated Radio Corp., 244 NY 33; People v Kaufman & Broad Homes, 89 Misc 2d 769).
The Attorney-General’s powers under the Act have been described as "great and far reaching” (Dunham v Ottinger, 243 NY 423, 438), and "unique” (Kaufmann, Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law art 23-A, at 27 [1984]).
Under County Law § 700 (1), a District Attorney has the duty to prosecute crimes and offenses cognizable by the courts *1024 of the county for which she is elected or appointed. Section 358 of the General Business Law provides as follows:
"§ 358. Criminal prosecution
"The attorney-general may prosecute every person charged with the commission of a criminal offense in violation of the laws of this state, applicable to or in respect of the practices or transactions which in this article are referred to as fraudulent practices. In all such proceedings, the attorney-general may appear in person or by his deputy before any court of record or any grand jury and exercise all the powers and perform all the duties in respect of such actions or proceedings which the district attorney would otherwise be authorized or required to exercise or perform; or the attorney-general may in his discretion transmit evidence, proof and information as to such offense to the district attorney of the county or counties in which the alleged violation has occurred, and every district attorney to whom such evidence, proof and information is so transmitted shall forthwith proceed to prosecute any corporation, company, association, or officer, manager or agent thereof, of any firm or person charged with such violation. In any such proceeding, wherein the attorney-general has appeared in person or by deputy, the district attorney shall only exercise such powers and perform such duties as are required of him by the attorney-general or the deputy attorney-general so appearing.” (Added by L 1921, ch 649, amended by L 1934, ch 570.)
It is a fundamental rule of statutory construction that where the language of the statute is clear and unambiguous, resort need not be had to other means of statutory construction to determine legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 92).
In the court’s opinion, section 358 defines the roles of both the Attorney-General and the District Attorney in prosecuting crimes under the Martin Act. Use of the words "may prosecute” confers on the Attorney-General a permissive privilege to prosecute (Dunham v Ottinger, supra, at 431). This permissive privilege does not exclude the District Attorney who holds the independent authority to prosecute crimes under County Law § 700. Section 358 grants to the Attorney-General all of the District Attorney’s existing powers. In the event the Attorney-General chooses not to prosecute but refers prosecution to the District Attorney, the District Attorney must prosecute. If both the District Attorney and the Attorney-General appear in a case, the District Attorney must defer to the Attorney-General and perform only the duties requested by the Attorney-General.
*1025 In the court’s opinion, the foregoing interpretation is consistent with the background of the Martin Act and the 1955 amendment adding sections 352-c and 352-d.
The Attorney-General and the District Attorney hold constitutionally created offices (NY Const, art XIII, § 13; art V, § 1) with no common-law duties except those imposed by statute (People v Corning, 2 NY 9; Brinckerhoff v Bostwick, 99 NY 185; People v Dorsey, 176 Misc 932). Prior to the enactment of section 358 in 1921, the District Attorney held the authority to prosecute all crimes and offenses in her county under the authority of the County Law.[1] Under section 358, the Attorney-General’s authority to prosecute crimes under the Martin Act was limited to common-law fraud, grand larceny, conspiracy, etc., for the reason that section 352-c was not yet in existence (see, People v Federated Radio Corp., 244 NY 33, supra).
The Attorney-General’s authority to prosecute the common-law crimes, under the Martin Act, was challenged on the grounds that the District Attorney had the exclusive authority to prosecute such crimes. The courts consistently found that the District Attorney’s authority was not exclusive and that under section 358, the Attorney-General could prosecute common-law crimes uncovered from his investigation under the Martin Act. (See, People v Bradick, 16 Misc 2d 1080; People v Dorsey, supra; Spiegel v County Ct., 129 NYS2d 109.)
With the enactment of section 352-c in 1955, enumerated crimes were made of deceptive and misleading conduct without regard to intent. Under section 352-d, the shared prosecutorial authority under section 358 remained unchanged.[2]
Thus, for the foregoing reasons, the Attorney-General does not hold exclusive authority to prosecute crimes under section 352-c.
MOTION TO DISQUALIFY THE DISTRICT ATTORNEY DUE TO CONFLICT OF INTEREST
Defendant alleges he was a financial advisor to a member of the District Attorney’s Frauds Bureau, which is the same bureau prosecuting him. Mr. Ferone contends that his prior professional relationship with the Assistant District Attorney creates an appearance of impropriety and, therefore, a conflict *1026 of interest warranting disqualification of the District Attorney. Mr. Ferone intends to call the Assistant District Attorney as a witness.
The District Attorney responds by stating the Assistant’s relationship with the defendant is unrelated to the charges herein. The Assistant’s dealings with the defendant concluded two years prior to the complaints resulting in the charges. The Assistant played no part in the investigation of the defendant and has not been involved in this criminal proceeding, except to the extent that he was questioned concerning the instant allegations.
As a general rule, courts should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence (Matter of Schumer v Holtzman, 60 NY2d 46, 55). At this stage, there is no basis for this court to disqualify the District Attorney. The defendant has not met his burden of demonstrating an actual conflict or prejudice. At this point, any actual conflict is speculative and the relevance of the Assistant’s testimony is unproven.
Accordingly, this branch of the defendant’s motion is denied.
STATUTE OF LIMITATIONS
Defendant’s motion on this ground is made against an accusatory instrument not filed in this court.
The accusatory instrument filed in this court on November 22, 1995, was based on the complaint of Louis Cuglietto. The accusatory instrument attached to defendant’s motion papers, based on the complaint of Peggy and Joseph Spear, was not filed with the court. Accordingly, defendant’s motion in this regard is denied without prejudice.
For the foregoing reasons, defendant’s motion is, in all respects, denied.

. County Law § 700 (1) derived from County Law of 1909 (ch 16), which was derived from County Law of 1892 (ch 686). (Historical and statutory notes, McKinney’s Cons Laws of NY, County Law § 700 [1991].)

. Sections 352-c and 352-d added by chapter 553 of the Laws of 1955.